RECEIVED
MARIN COUNTY
SUPERIOR COURT

2010 DEC 10 P 2:57

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | |
|---|---|
| S. Benjamin Rozwood (181474)<br>Robbins Umeda LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101 | |
| TELEPHONE NO.: (619) 525-3990   FAX NO.: (619) 525-3991 | |
| ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Marin County Superior Court

CASE NAME:
Lakeview Investment, LP v. Shulman, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIV1006488 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Duryee<br>DEPT: L |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [✗] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 4
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 10, 2010
Benjamin Rozwood
_____
(TYPE OR PRINT NAME)

Benjamin Rozwood W/...
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

*BY FACSIMILE*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition



ROBBINS UMEDA, LLP
BRIAN J. ROBBINS (190264)
S. BENJAMIN ROZWOOD (181474)
GREGORY E. DEL GAIZO (247319)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile:  (619) 525-3991

FILED

DEC 1 0 2010

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: D. Taylor  Deputy

BY FACSIMILE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MARIN

LAKEVIEW INVESTMENT, LP, on Behalf of Itself and All Other Similarly Situated Individuals and Entities Located in California,

Plaintiffs,

vs.

ROBERT SCHULMAN,
JAMES V. MITCHELL,
HARRY HODGES,
DARREN JOHNSTON,
STUART POLOGE,
PATRICK KELLY,
TREMONT PARTNERS, INC.,
TREMONT GROUP HOLDINGS INC.,
RYE SELECT BROAD MARKET XL FUND, L.P.,
RYE SELECT BROAD MARKET FUND, L.P. f/k/a AMERICAN MASTERS BROAD MARKET FUND, L.P.,
MASSACHUSETTS MUTUAL LIFE INSURANCE CO.,
OPPENHEIMER ACQUISITION CORPORATION, INC.,
MASSMUTUAL LIFE INSURANCE CO., and DOES 1-50,

Defendants.

Case No. CIV1006488

VERIFIED COMPLAINT FOR VIOLATIONS OF SECTIONS 25401, 25501, AND 25504 OF THE CALIFORNIA CORPORATIONS CODE AND OTHER VIOLATIONS OF CALIFORNIA LAW

**JURY TRIAL DEMANDED**

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

## SUMMARY OF THE ACTION

1. Plaintiff Lakeview Investments, LP ("Lakeview") is based in and, since 2006, its headquarters and only place of business operations have been located in California. Lakeview's general partner is a California corporation which, in turn, is owned and controlled by a long-time resident of California. This action seeks relief exclusively under California statutory law for materially misleading statements and omissions made to plaintiff and similarly situated California individuals and entities in connection with the purchase or sale of limited partnership interests in either Rye Select Broad Market XL Fund L.P. ("XL Fund") or Rye Select Broad Market Fund L.P. ("Market Fund"), during 2007 and 2008. In particular, Lakeview seeks relief under the California Corporate Securities Law of 1968, which sets forth significantly different requirements than those under federal law and other state laws for establishing both the primary liability of the issuer of securities and the vicarious liability of secondary actors, as well as with respect to the availability of certain defenses and the burden proof as between the parties.

2. Defendants emphasized that they were "dedicated to providing [their] clients with quality risk-adjusted returns on a consistent basis over the long-term." Defendants explained that their investing strategy involved "split strike conversion" consisting of the purchase of equities that are components of the Standard & Poor's ("S&P") 100, the purchase of S&P 100 Index put options, and the sale of S&P 100 call options. Those statements were both untrue and misleading.

3. The Private Placement Memorandum (the "PPM") dated January 1, 2007, offering limited partnership interests in the Market Fund, and the similar PPM offering limited partnership interests in the XL Fund LP,[1] failed to fully and fairly disclose information material to that proposed investment including, for example, the main reason why Defendants decided to place and keep all of the Partnerships' assets with a single manager they had specifically selected.

4. Defendants were responsible for other misstatements and omissions as well. For example, in addition to year-end financial statements, Defendants provided plaintiff with periodic interim reports containing information about the monthly performance and value of their respective

---

[1] The Market Fund and the XL Fund are sometimes collectively referred to as the Partnerships.

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

1   limited partnership interests, including the dollar balance of the capital accounts reflecting those

2   interests. Plaintiff naturally relied on that information; among other things, California state tax

3   returns were prepared and payments were made based on certain of those calculations.

4       5.    Defendants took insufficient steps, especially during these interim periods, to

5   confirm: (i) the location, amount, nature, and composition of the cash and non-cash assets acquired

6   with partnership funds placed within the custody of a fund manager named Bernard L. Madoff

7   ("Madoff"), founder of Bernard L. Madoff Investment Securities, LLC (referred to hereinafter,

8   collectively with Madoff, as "BMIS"); or (ii) that sufficient transaction data existed to support a

9   reasonable belief that BMIS was indeed protecting the capital plaintiff had invested in the

10  partnership. Thus, they had no reasonable basis to make these materially misleading statements.

11      6.    The misleading PPMs and other statements were targeted at California residents, as

12  shown by the legend specifically directed at California residents and required to be a part of the

13  PPMs under California law when soliciting investments from California residents. Moreover, many

14  of the Defendants do significant business in California, and have agents designated in this state for

15  acceptance of service of process.

16      7.    The amount of information Defendants apparently did not review is astounding. For

17  instance, Defendants did not conduct an inquiry into the fact that the outside accounting firm for the

18  Partnerships' sole investment manager apparently had avoided any peer review since 1990, raising

19  questions about the reliability of BMIS's financial results. Instead, Defendants adopted—without

20  any further independent scrutiny—BMIS's unchecked reported asset value and return information,

21  and simply dropped it into their numerous interim reports to plaintiff. The most plausible inference

22  to be drawn here, given that Defendants inexplicably turned a blind eye to these and other serious

23  issues, is that they were motivated to the point of being biased by their own desires to grow the

24  management fees and earnings to the general partner, one of the Defendants in this action, and thus

25  inflated the personal benefits that they knew would accompany such increases. As detailed further

26  below, Defendants impermissibly allowed this and related motives and self-interest to trump their

27  duties to plaintiff. Indeed, Defendants continued to place their own self-interest at the top their list

28  of priorities right up until just a few weeks ago.

- 2 -
VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

8.     Despite representations that the Partnerships' investment strategy consists of approximately 100 large-cap stocks that are hedged with equity index options, it appears that Defendants eschewed its duty to confirm that its capital was invested on this basis or tell the plaintiff that it had been invested on some other basis.  Further, Defendants violated California statues when they used PPM containing materially misleading statements and omissions to obtain investments in the Partnerships from California residents.   Other Defendants, in ownership and supervisory positions of power, control, and influence, not only failed to prevent, detect, and correct these misleading statements, but instead gave material assistance to the specific persons who made them. As detailed below, Defendants acted on behalf of, in concert with, and aided and abetted one another in these and other violations of California law.  In light of the foregoing facts, plaintiff now seeks a prompt and just resolution of its grievances, including declaratory relief regarding certain rights and duties owed to it by Defendants.

9.     ·Lakeview also seeks declaratory relief regarding the rights and duties owed to plaintiff before and after Lakeview first became a limited partner in the XL Fund, and before and after Lakeview first became a limited partner in the Market Fund.

### THE PARTIES

10.     Lakeview is a Delaware limited partnership whose only office was in California. Lakeview's general partner, Vista Management Company ("Vista"), is a California corporation. Vista's sole owner is an individual who has resided in California resident at all times relevant hereto and, indeed, for thirty-nine years. On July 31, 2007, Lakeview made its initial capital contribution in the amount of $22,950,000 to XL Fund, thereby becoming a limited partner therein.  In addition, Lakeview made subsequent capital contributions of $1.2 million to the Broad Market Fund and the $1 million in the XL Fund, by wire on August 26, 2008, and May 1, 2008, respectively.  The $1.2 million was invested in the Market Fund and all else in the XL Fund.

### Entity Defendants

11.     Tremont Partners, Inc. ("Tremont Partners") is the general partner of the Partnerships. Tremont Partners is an investment adviser, established in 1984, registered with the United States Securities and Exchange Commission ("SEC") under the Investment Advisers Act of 1940.

- 3 -
VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

12.     Tremont Partners is a wholly owned subsidiary of Tremont Group Holdings, Inc. ("Tremont Holdings").  In its capacity as the general partner of Rye Broad Market Prime Fund, L.P., Tremont Partners is deemed to have custody over the cash and securities comprising the assets of the Partnerships attributable to the partners' respective ownership interests therein.

13.     Defendant Tremont Holdings is a holding company that manages approximately $6 billion in assets through its various hedge fund products and multi-manager portfolios.  Tremont Holdings has two divisions, Tremont Capital Management, a manager of fund of hedge fund portfolios and Rye Investment Management.  Rye Investment Management manages and offers a line of single manager investment products.

14.     Defendant Market Fund is a Delaware limited partnership organized in May 1994 and managed by Tremont Partners, Inc. ("Tremont Partners").  The Market Fund's stated objective is long-term capital growth and it purports to achieve that objective by entrusting the management of its assets to investment advisors that have conservative investment styles.

15.     Defendant XL Fund is a Delaware limited partnership organized in July 2006 and managed by Tremont Partners.  The XL Fund's stated objective is long-term capital growth and a return linked to a three times levered exposure to the economic performance of the Market Fund, achieved by entering into a total return swap transaction with one or more designated counterparties on a leveraged basis.

16.     Defendant Massachusetts Mutual Life Insurance Co. ("MassMutual") is an international financial services firm with nearly thirteen million clients worldwide and over $505 billion in assets under management.  In October 1990, MassMutual acquired 80% of Oppenheimer Funds, Inc. ("Oppenheimer Funds"), through one of its subsidiaries, Oppenheimer Acquisition Corp., Inc. ("Oppenheimer").  As the diagram above shows, MassMutual Holding Co. is a wholly owned subsidiary of MassMutual.  In 2001, Oppenheimer acquired a predecessor of Tremont Holdings for $145.3 million.  Oppenheimer is incorporated in Delaware and is headquartered in New York. Tremont Holdings' annual revenue comprises approximately 7% of Oppenheimer's annual revenue. Both MassMutual and Oppenheimer solicit clients in Los Angeles County by directing them to their numerous broker/dealers and other agents and representatives, with a view toward inducing them to

- 4 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

1    acquire interests in their various securities and insurance products. For instance, MassMutual has

2    various sales offices in California, including one in Woodland Hills, which are licensed to sell its

3    products. Further, MassMutual directly solicits Los Angeles County residents through its website

4    which, in turn, directs Los Angeles residents to specific MassMutual agents in their area.

5    MassMutual also has a registered agent for service of process in California.

6       17.    MassMutual, Oppenheimer, and Oppenheimer Funds are listed as "control persons"

7    on Tremont Partners' Uniform Application for Investment Advisors Registration filed with the SEC.

8                                **Individual Defendants**

9       18.    Defendant Robert Schulman ("Schulman") was Chairman of Tremont Holdings'

10   Board of Directors from 2004 until 2008. The PPMs identifies Schulman as one of the principal

11   decision makers for Tremont Partners in its role as General Partner to the Partnerships. According to

12   recent reports, Schulman told selected investors that he was close to Madoff, and that they talked on

13   a weekly basis. From June 2007 right up until he left, Schulman also served as the President of Rye

14   Investment Management and, thus, was responsible for the Partnerships' activities along with

15   Tremont Holdings' other "Rye" investments products. Defendant Schulman currently serves as the

16   "Chairman Emeritus" for Tremont Holdings.

17      19.    From 1994 to 2007, Schulman held various positions at Tremont Holdings including:

18   nearly seven years as its President and Co-Chief Executive Officer from August 2000 to June 2007;

19   more than six years as its Chief Operating Officer ("COO") from May 1994 to August 2000; and

20   more than seven years as one of its directors from October 1993 to at least 2001. From 1994 right up

21   until he left in July 2008, Schulman held numerous positions at various affiliates of Tremont

22   Holdings including: President, Chief Executive Officer ("CEO") and director of Tremont Securities,

23   Inc.; President of Tremont Investment Management, Inc.; and President of Tremont Futures, Inc.

24      20.    Defendant James V. Mitchell ("Mitchell") runs Rye Investment Management, the

25   group within Tremont Holdings that places funds with a "Single Manager," and he has done so since

26   June 2008. From 2006 to June 2008, Mitchell was Managing Director of Tremont Holdings' London

27   office. From 2002 to 2006, Mitchell held various positions at Tremont Holdings, including Head of

28   Investment Management, Europe, and Vice President of Investment Relationship Management.

- 5 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

21.     Defendant Harry Hodges ("Hodges") held the title "Supervisor - Investor Services" and in fact held positions at Rye Investment Management Group, a division of Tremont Holdings, including as Vice President of Investor Services. Hodges was also an investment adviser at Rye Investment Management.

22.     Defendant Darren Johnston ("Johnston") holds the title "Manager, Rye Select Funds" and has held other positions at various Tremont Holdings affiliates since February 2002. For example, Johnston was a Rye Investment Management director in March 2008; a Tremont Market Neutral Fund Ltd. director from August 2005 to September 2007; Tremont Capital Management Inc.'s Vice President and manager of the Tremont Select Funds group from February 2004 until at least August 2005; and Vice President of Operations and COO of Tremont's Canadian subsidiary, Tremont Capital Management, Corp., from February 2002 to February 2004. Johnston signed correspondence sent on behalf of Tremont Holdings to plaintiff. One such letter from Johnston touted Tremont Holdings's access to "some of the world's most experienced proven and exclusive talent." Notably, the letterhead on Johnson's correspondence points out that Tremont Holdings is "an Oppenheimer Funds Company."

23.     Defendant Stuart Pologe ("Pologe") was a Senior Vice President and the Director of Product Management at Tremont Holdings and Tremont Partners and was responsible for the origination of new products, product management, business development, and strategic partnerships and acquisitions for all global business. Pologe was also the Chairman of the New Product Committee and was a member of the Executive Committee. Pologe is identified in the PPMs as a principal decision-maker of the Tremont Partners.

24.     Defendant Patrick Kelly ("Kelly") is a Senior Vice President at Tremont Holdings and Tremont Partners. Kelly oversees the management of proprietary products and coordinates the efforts of all departments involved in the development and management of the firm's funds. Kelly also works with financial services firms to develop new products and enhance existing products and distribution channels. Kelly has held several senior management positions at the firm including Director of Risk Management, Director of Manager Research, and Director of Investment Technology. Kelly is identified in the PPMs as a principal decision-maker of Tremont Partners.

25.     The true names and capacities of defendants sued herein under California Code of Civil Procedure §474 as Does 1 through 50, inclusive, are presently not known to plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this complaint and include these Doe defendants' true names and capacities when they are ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the breaches of duty owed to the plaintiff, and for the harms and injuries suffered thereby.

26.     Defendants listed in ¶¶20-26 above are referred to herein as "Individual Defendants."

## JURISDICTION AND VENUE

27.     This Court has jurisdiction over each cause of action asserted herein pursuant to the California Constitution, Article VI, §10, and has jurisdiction over defendants because each defendant is either a citizen of California, an entity that conducts business in and maintains operations in California, is a controlling entity or person that has directed a defendant to conduct business in and maintain operations in California, or is an individual who has sufficient minimum contacts with the State of California so as to render the exercise of jurisdiction by this court permissible under traditional notions of fair play and substantial justice.

28.     The Defendants' minimum contacts include the regular transactions of business within the State of California; the dissemination to plaintiff, located within the State of California, offering materials, financial disclosures, and other written material; the solicitation of business targeted at residents of the State of California; and communications with plaintiff to, from, and/or in the State of California, under the direction of the controlling Defendants. Defendants' actions directed at California citizens harmed plaintiff, who is a citizen of California.

29.     The Partnerships' Market Fund PPM was marketed to California residents, as evidenced by the notices it contained to California residents as required to be included under California law. This notice stated:

**FOR CALIFORNIA RESIDENTS:**

THE SALE OF THE SECURITIES THAT ARE THE SUBJECTS OF THIS AGREEMENT HAS NOT BEEN QUALIFIED WITH THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA AND THE ISSUANCE OF THE SECURITIES OR THE PAYMENT OR RECEPT OF ANY PART OF THE CONSIDERATION THEREFOR PROPER TO THE QUALIFICATION IS

- 7 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

UNLAWFUL, UNLESS THE SALE OF SECURITIES IS EXEMPT FROM THE QUALIFICATION BY SECTION 25100, 25102 OR 25105 OF THE CALIFORNIA CORPORATIONS CODE. THE RIFHTS OF ALL PARTIES TO THIS AGREEMENT ARE EXPRESSLY CONDITIONED UPON THE QUALIFICATION BEING OBTAINED, UNLESS THE SALE IS SO EXEMPT.

30. MassMutual conducts regular business in California as evidenced by the U-2 Uniform Consent to Service of Process stating that the MassMutual designated officers of California to be served with "any notice, process or pleading in any action of proceeding against it arising out of, or in connection with the sale of securities or out of violation of the aforesaid laws..." of California, filed on October 15, 2004. Further the U-2 states that the MassMutual consents "that any such action or proceeding against it may be commenced in any court of competent jurisdiction and proper venue within the States so designated [California]."

31. Also on or about October 15, 2004, MassMutual filed with the California Commissioner of Corporations a Form D stating that it sold securities within California.

32. Venue is proper in this Court because both the transactions and a significant portion of misconduct at issue in this action, including Defendants' participation in and direction of the illegal acts and omissions alleged herein, occurred in this venue. The sole owner of Vista, Lakeview's general partner, is a resident of this County.

33. In addition, defendants have received substantial compensation by doing business here and elsewhere in California. Defendants' numerous activities here have had an adverse impact on residents of Marin County, including but not limited to, plaintiff.

34. To the best of plaintiffs' knowledge, no defendant is a resident of California and, if any defendant does reside in California, the county of residence of any such defendant is not known to plaintiff.

### SUBSTANTIVE ALLEGATIONS

35. Schulman joined Tremont Holdings in 1994 as its COO and, in 2000 because co-CEO with Tremont's founder Sandra Manzke. According to reports, the relationship between Tremont Holdings and Madoff expanded significantly after Schulman joined Tremont Holdings.

36. According to Tremont Holdings' Form 10-KSB filed with the SEC on March 12, 2001, Tremont Holdings' net income was approximately $4.0 million for fiscal year 2000. On July

- 8 -

1   10, 2001, Tremont Holdings announced that it reached an agreement to be acquired by Oppenheimer

2   for approximately $145 million using cash on hand, and, if needed, capital contributions from its

3   parent MassMutual, more than thirty-six times its reported net income for 2000. In other words,

4   without a significant increase in earnings, it would take thirty-six years for Oppenheimer to recoup

5   the $145 million purchase price from Tremont's earnings alone. The most plausible inference is that

6   Oppenheimer had other plans to grow the overall earnings stream from Tremont's customers by

7   cross-selling MassMutual insurance, securities, and other products, especially in the wake of the

8   repeal of Glass-Steagall in 1999.

9       37.   Before acquiring Tremont Holdings, Oppenheimer was provided with an information

10  package by Putnam Lovell that included "a description of Tremont various business lines, an

11  overview of its investments and distribution platform, its strategic relationships, its distribution

12  needs and its financial projections." Included in this information was Putnam Lovell's "analysis of

13  the significant contribution to Tremont's revenues from a single relationship it has with an

14  investment manager to its proprietary investment products."

15      38.   In announcing the acquisition of Tremont Holdings, Sandra Manzke stated, "We

16  couldn't imagine a better fit, culturally or strategically, than Oppenheimer Funds. This combination

17  with Oppenheimer Funds and MassMutual will allow us to enhance our capabilities and expand

18  distribution."

19      39.   After acquiring Tremont Holdings in 2001, Oppenheimer appointed three defendants

20  to the board of directors of Tremont Holdings. From that point forward, Oppenheimer supervised

21  and exercised effective control over the development and marketing of Tremont's investment

22  products and securities offerings, its policies and practices concerning due diligence and client

23  privacy, as well as the preparation and dissemination of its annual and interim financial statements

24  and reports to Tremont's investors. Oppenheimer also exercised effective control over the cross-

25  marketing of MassMutual and Oppenheimer insurance and securities products to Tremont investors,

26  and vice versa throughout the enterprise.

27      40.   Tremont Holdings attached its privacy policy to the Market Fund PPM and referenced

28  it in the XL Fund PPM. In the privacy policy, Tremont Holdings described its relationship with its

- 9 -

1  affiliates, subsidiaries, and its parents, Oppenheimer and MassMutual, referring to them all as

2  "Tremont":

3  > Tremont is made up of certain entities, including its investment advisory and broker-dealer subsidiaries, and, in turn, is part of a larger corporate affiliation owned by the Oppenheimer Funds group and Massachusetts Mutual Life Insurance Company. The Tremont entities and, in some cases, its ownership affiliates often work together to provide the financial products and services offered to Tremont Clients. By sharing information about Tremont's Clients among these companies and affiliates, Tremont can serve Clients more efficiently. Tremont is permitted to share information concerning Client account history and experiences within and among the companies that comprise Tremont and its subsidiaries and affiliates. ... Tremont shall exercise appropriate due diligence in selecting its service providers and make inquiry as to their security policies and procedures. These companies are not permitted to use Tremont's Client information for any purposes other than the services or activities intended or contemplated and only as allowed by applicable law or regulation.

10  41.    By stating that it may share a client's information with its parents, subsidiaries, and

11  affiliates, the Tremont Holdings' privacy policy reveals that MassMutual uses its subsidiaries such as

12  Tremont and Oppenheimer to cross-market its products.

13  **Plaintiff's Initial Investment and Communications from Defendants**

14  42.    Before making its investment, plaintiff reviewed the information provided to it by the

15  Partnerships, its representations that it performed substantial due diligence prior to making an

16  investment, and the corresponding information provided to plaintiff about the Partnerships. The

17  Partnerships' stated objective was "long term capital growth" through its chosen investment advisor's

18  "conservative investment styles." On its website, Tremont Holdings states that:

19  > Tremont has been at the forefront in setting the standard in the industry for fund of hedge funds investment management. Effective investment strategies and *oversight, thorough manager research, careful due diligence*, advanced risk allocation and time-tested portfolio management from the cornerstones of a comprehensive platform that has been refined over a 23-year span of dedicated studies to maximize out clients' objectives. Our established performance history and our focus on client service distinguishes the firm at a time when the influx of new entrants creates clients but not the certainty of experience.

24  43.    In addition, Tremont Holdings was a subsidiary of Oppenheimer, which in turn was a

25  subsidiary of MassMutual, a major financial services firm with nearly thirteen million clients

26  worldwide and over $505 billion in assets under management.

27

28

- 10 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

**The Misleading Statements and Omissions**

44. Under California statutory law, in soliciting investments from plaintiff and the Classes (as defined herein), Defendants were prohibited from making oral and written untrue statements of material fact or omitting to state material facts to plaintiff that was necessary in order to make the statement made in light of the circumstances under which they were made, not misleading. Notable misstatements and omissions in the PPMs occur in the explanation for choosing a particular investment advisor. For example, the Market Fund PPM states that the Tremont considers: (a) "[t]he Investment Advisor's past performance and reputation"; (b) "[s]ize and efficiency of assets managed"; (c) "[c]ontinued favorable outlook for the strategy employed"; and (d) "[a]bility of the Partnership to make withdrawals or liquidate its investments."

45. These statements were misleading because any such investigation would have revealed the numerous circumstances implicating the criteria listed above which, in turn, would have made a good faith decision to appoint BMIS as investment advisor to the Partnerships unlikely, if not impossible.

46. The investment objective and strategies of the XL Fund PPM "seeks to provide investors with long-term capital growth and a return linked to a three times levered exposure to the economic performance of the Rye Select Broad Market Fund, L.P. (the 'Reference Entity')." The XL Fund PPM goes on to improper state that the "Reference Entity's" objective is to:

> (i) achieve long term capital appreciation and (ii) consistently generate positive returns irrespective of stock market volatility or direction, while focusing on preservation of capital. The Reference Entity attempts to accomplish this investment objective by investing the majority of the assets with one investment manager who employs a "split strike conversion" strategy, although other Reference Entities may invest with more than one underlying investment managers (each a "Manager") in one or more underlying funds (each an "Underlying Fund").

47. These statements were misleading because any such investigation would have revealed the numerous circumstances implicating the criteria listed above which, in turn, would have made a good faith decision to appoint BMIS as investment advisor to the Partnerships unlikely, if not impossible.

48. Despite the above statements and the Market Fund PPM's claim that "[a]dditional Investment Advisors may be utilized in the future," in reality, Tremont Advisors set these funds up

- 11 -

1    to invest in BMIS. Moreover, the Market Fund PPMs stated that Tremont Partners closely

2    supervised its investment advisors. In particular the PPM stated:

> 3    [T]he General Partner is responsible for the day-to-day administration and operation of the Partnership. The General Partner has primary responsibility for monitoring the ongoing activities of the Investment Advisor or Investment Advisors. The General Partner review the confirmations of the Partnership's trading activity for purposes of tracking the current status of the Partnership's accounts. The General Partner has sole responsibility for contacting the Investment Advisor or Investment Advisors regarding trading activity, as well as the sole right to hire or terminate the Investment Advisor or Investment Advisors and distributes quarterly and annual financial reports and all tax information relating to the Partnership necessary for Limited Partner to complete their income tax returns.

9    The XL Fund PPM also contained similar improper statements. The XL Fund PPM stated:

> 10    Tremont Partners, Inc. (the "General Partner") is responsible for managing the day-to-day operations and investment management of the Partnership. The General Partner may engage other persons or entities to perform similar functions, as it deems necessary from time to time. The General Partner is registered as an investment adviser under the Investment Advisers Act of 1940, as amended (the "Advisers Act"), and serves as the "Tax Matters Partner" for Internal Revenue Service purposes. Additionally, the General Partner has attached hereto a copy of Part II of its most recent Form ADV.

15    49.    Instead and improperly omitted from the PPM, Tremont Partners completely deferred

16    all decisions to BMIS and was guided only by its desire to maximize its profits. In fact, according to

17    the complaint in the action *Picard v. Maxam Absolute Return Fund, L.P.*, Adv. Pro. No. 10-5342-

18    BRL (S.D.N.Y. Bankr. Dec. 8, 2010), which cites testimony from Ms. Manzke, no one at Tremont

19    verified the checks and balances that BMIS purportedly had in place to monitor its capital

20    allocations. Notably, there is no mention in the PPMs about Tremont Holdings, Tremont Partners,

21    and the Individual Defendants' incentives to place the limited partners' assets with BMIS, rather than

22    other hedge fund or investment advisors, as set forth herein.

23    50.    Also omitted from the PPMs is any information regarding BMIS's three person

24    auditing firm, Friehling & Horowitz, or any mention of Tremont Partners' investigation into the

25    adequacy or qualifications of Friehling & Horowitz as auditors, or for the job at hand given the size,

26    scope, and complexity of the BMIS operation. These omissions of facts made the PPMs materially

27    misleading. Similarly, neither defendants Hodges, Mitchell, nor any of the other Defendants ever

28

- 12 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

1    told plaintiff that BMIS's hedging strategy, to protect the amount of capital it had under

2    management, required a larger number of option contracts than were available.

3       51.    Plaintiff was also provided marketing material concerning the XL Fund. This

4    material detailed the "Split Strike Conversion" processed supposedly used by BMIS. In addition, the

5    marketing materials contained a page entitled "Reference Fund – Return Expectations." The

6    "Reference Fund" referred to the Market Fund, and the information appearing on that page was

7    furnished for use by the Market Fund. This page contained further details about the Partnerships'

8    investment strategy and their historical market exposure.

9       52.    This information was materially misleading because the fund were not invested using

10    the Split Strike Conversion strategy. Indeed, taking into account the size of BMIS's operation, there

11    we not enough options traded for this strategy to actually be implemented. Moreover, the funds

12    invested did not face any market exposure, since BMIS never actually invested any of them.

13       53.    In addition, the statements in plaintiff's periodic capital account reports and the

14    annual audited financial statements were also materially misleading. The Capital Account reports

15    showed the status of plaintiff's investment, their rate of return, and their net profit or loss. The

16    audited annual statements showed profits or loss for the Partnerships as a whole, the Partnerships'

17    assets and other financial information. These statements were false because in reality plaintiff's

18    capital was not invested in the way explained, the Partnerships' assets did not exist as stated and

19    plaintiff's investments did not experience the stated rate of return. Moreover, as explained above,

20    due to Tremont Holdings, Tremont Partners, and Individual Defendants' failure to conduct a

21    reasonable due diligence, there was no reasonable basis for the statements in the Capital Account

22    reports and the Partnerships' annual audited financial statements.

### The Subsequent Statements and Solicitations Concerning Plaintiff's Limited Partnership Interests

23

24       54.    After making their initial investment, plaintiff and members of the Classes, received

25    monthly reports on their Capital Accounts. These reports showed that investors were receiving a

26    steady return on their investment with low volatility. Plaintiff and other members of the Classes

27    relied on Tremont Partners and its officers and directors, as the general partner, to provide accurate

28

- 13 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

1   information in these reports and ensure that the statement of plaintiff's interests in the Partnerships

2   was accurate. Based on these reports and additional material provided to it, plaintiff made additional

3   investments in the Partnerships.

4       55.    Plaintiff and the members of the Classes needed to rely on Tremont Partners and its

5   officers and directors regarding the value of the underlying limited partners interests because the

6   BMIS securities acquired by the Partnerships and other Tremont affiliates were not registered with

7   the California Corporations Commission or with its federal counterpart, the SEC. As a result, no

8   audited or otherwise reliable financial information was available to the investing public, or to the

9   plaintiff.

10      56.    As revealed in subsequent communications, Tremont Partners placed all of the

11  Partnerships' assets in the hands of a single manager, BMIS. Tremont Holdings placed other funds

12  under BMIS's control as well. In all, Tremont Holdings placed $3.3 billion of the approximately $6

13  billion it managed into BMIS's control. This concentration of the Partnerships' and Tremont

14  Holdings' assets with a single manager made a thorough review of BMIS even more vital.

15      57.    Further, due to the Individual defendants' positions, they had additional duties

16  regarding the management of the Partnerships. Schulman, as CEO, was responsible for the daily

17  operations of Tremont Holdings and Tremont Partners. It was his responsibility to ensure that

18  Tremont Partners conducted a proper and thorough due diligence review into the persons managing

19  the Partnerships' assets. Moreover, defendants Schulman, Pologe, Kelly, and Mitchell were the

20  principle decision makers for the general partner of the Partnerships, Tremont.

21  **Tremont Partners, Tremont Holdings, and the Individual Defendants**
22  **Made Material Misstatements Regarding the Classes' Periodic Interim Statements, the**
    **Annual Audited Statements, and the Subsequent Solicitations**

23      58.    Tremont Partners provided annual financial statements of the Partnerships.

24  According to the annual statements, "[t]he preparation of financial statements in conformity with

25  U.S. generally accepted accounting principles required management to make estimates and

26  assumptions that affect ... the reported amounts of revenues and expenses during the reporting

27  period." These annual statements were false and misleading because they expressed that the

28  Partnerships had a certain amount of assets under management and that the Partnerships received a

- 14 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

1  certain return on its investment, both of which was false.  Tremont Partners' management estimates

2  lack a reasonable basis due to their failure to conduct due diligence into BMIS's reported

3  transactions and positions on behalf of the Partnership and into BMIS's accounting firm, Friehling &

4  Horowitz.

5       59.    Moreover, at least once per month the Partnerships reported to the limited partners'

6  the value of their investment, the rate of return, and the net income or loss for that month.  In order

7  to report these returns, intricate calculations regarding the value of the Partnership's investments and

8  then plaintiff's share of those investments had to be performed.  Despite conducting complicated

9  calculations regarding the value of plaintiff's and other members of the Classes limited partnership

10  interests, Individual Defendants, Tremont Partners, and Tremont Holdings took no steps to verify the

11  actual status of the Partnerships' securities positions or the capital employed in connection therewith.

12  In fact, the Partnerships' manager used plaintiff's capital for purposes that were inconsistent with

13  their capital preservation goals.  Due to their failure of due diligence, Tremont Partners, Tremont

14  Holdings, and the Individual Defendants lacked a reasonable basis for the statements included in the

15  reports regularly and repeatedly provided to plaintiff.

16  **Defendants' Secret Motives**

17       60.    Tremont Partners failed to do any real diligence on BMIS because there was never

18  any doubt that the assets at issue would be placed under its control.  Tremont Holdings and BMIS

19  have a long history together.  One of Madoff's earliest hedge funds, the Kingate Global Fund,

20  created in early 1990, was overseen by Tremont Holdings, among others.  At that time, Tremont

21  Holdings was headed by defendant Schulman.  The most significant aspect of this relationship was

22  the undisclosed unique fee arrangement BMIS had with funds that use an aggregate of investors to

23  invest in hedge funds, sometimes know and "funds of funds," such as Tremont Holdings.  Under this

24  arrangement BMIS charged no fees at all to the Partnerships, or to any of Tremont Holdings' other

25  funds or affiliates, for the money management services provided to those entities.  Those fees usually

26  ranged from 1.0% to 2.0% of the assets managed plus an addition 20% of all profits on investment.

27       61.    Further, BMIS took no cut of the 1.50% management fee set aside for Tremont

28  Partners as the general partner of the Partnerships, or any part of the management fees payable to

- 15 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

1   other Tremont Holdings' affiliates acting as fund managers for or advisors to any of the other Rye

2   Select funds.  Finally, BMIS took no percentage of the 0.50% Administration Fee split between

3   Tremont Partners and SS&C Technologies, Inc. or any portion of the administration fees payable to

4   any of the other Tremont Holdings' affiliates acting as administrators for any of the other Rye Select

5   funds.

6          62.     In fact, the only way BMIS made money on the funds it managed was to demand that

7   all trades go through its own affiliated broker-dealer, ECN, for which BMIS would charge fees and

8   commissions for each trade.  By avoiding these numerous transaction charges, which it normally

9   would incur, Tremont was able to make tens of millions of dollars more by placing its capital with

10  BMIS instead of other hedge funds.

11         63.     MassMutual acquired Tremont Holdings through Oppenheimer in 2001.

12  Oppenheimer paid $145.3 million for Tremont Holdings, roughly thirty-six times its earnings in

13  2000. MassMutual and Oppenheimer have dealt with BMIS in the past and knew about its favorable

14  fee arrangement.  Further, Oppenheimer was informed prior to its acquisition of Tremont Holdings

15  of a "significant contribution to Tremont's revenues from a single relationship it has with an

16  investment manager to its proprietary investment products." On information and belief, in order to

17  maximize the return on their acquisition Oppenheimer and MassMutual favored Tremont Holdings'

18  continued business with BMIS, even if it meant turning a blind eye to the underlying data and

19  diligence they had proposed to perform for and on behalf of the plaintiff.  Perhaps not surprisingly,

20  given the overlap in executive officer and directors between Oppenheimer, MassMutual, and

21  Tremont, MassMutual and Oppenheimer's preference became Tremont Holdings' policy.

22         64.     On information and belief, the Individual Defendants' personal cash bonuses, salary

23  increases, and other year-end incentive-based compensation depended significantly on just how

24  much of a return Tremont Holdings could report through Oppenheimer to MassMutual.  Thus, by

25  using BMIS, the Individual Defendants were able to report an additional $30 million in returns from

26  the Partnerships alone.

27         65.     The reported returns were significantly higher for 2005-2007 by virtue of Tremont

28  Holdings' blind, unchecked reliance on BMIS and, based on the positive correlating between the

- 16 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

1   two, so was the Individual Defendants' personal compensation. Had the Defendants made a

2   thorough inquiry into BMIS and its suitability to act as the investment manager of the Partnerships,

3   or acted to confirm BMIS's trading and equity and cash positions, it would have been revealed that

4   (i) BMIS's auditor was clearly unsuitable for the amount of assets under BMIS's control; (ii) that

5   same auditor reported that it had not done an audit for the previous fifteen years; (iii) that the options

6   market was not large enough to accomplish BMIS's hedging strategy; and (iv) numerous other facts

7   raising questions about BMIS's returns and investments. But Defendants did not make any such

8   inquiries and, indeed, made no reasonable inquiry whatsoever. Perhaps that can be explained by the

9   fact that Defendants did not have their own capital invested in limited partnership interests and, thus,

10  were not as interested in protecting that money as the plaintiff was. Such a story, of course, would

11  never justify such blatant misconduct under the law. In these ways, among others, Tremont

12  sacrificed plaintiff's capital-preservation objectives in favor Defendants' own short-term interests in

13  personal benefits for themselves.

14                          **The Truth Is Revealed**

15        66.     On December 11, 2008, allegations emerged that Madoff had been taking in money

16  from new investors in order to represent returns and cover pay outs to old investors. According to

17  news reports, Madoff's "ponzi" scheme finally collapsed as financial markets continued to

18  deteriorate in 2008, leading investors to withdraw and hold onto their cash, including cash

19  previously invested with BMIS.

20        67.     Tremont Partners, Tremont Holdings, and the Individual Defendants' unchecked

21  reliance on Madoff were devastating to the plaintiff. Plaintiff, as a limited partner of the XL Fund

22  and the Market Fund, received monthly updates regarding its Capital Accounts. This included

23  information regarding the principle invested and the return made on that investment. Based on

24  information provided to Lakeview, plaintiff paid taxes based on a Schedule K-1 mailed to plaintiff at

25  its business address and headquarters in California.

26        68.     Now, most of the assets of the Partnerships have been wiped out, including plaintiff's

27  interests. What little is left is held by the Defendants.

28

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

1  two, so was the Individual Defendants' personal compensation. Had the Defendants made a

2  thorough inquiry into BMIS and its suitability to act as the investment manager of the Partnerships,

3  or acted to confirm BMIS's trading and equity and cash positions, it would have been revealed that

4  (i) BMIS's auditor was clearly unsuitable for the amount of assets under BMIS's control; (ii) that

5  same auditor reported that it had not done an audit for the previous fifteen years; (iii) that the options

6  market was not large enough to accomplish BMIS's hedging strategy; and (iv) numerous other facts

7  raising questions about BMIS's returns and investments. But Defendants did not make any such

8  inquiries and, indeed, made no reasonable inquiry whatsoever. Perhaps that can be explained by the

9  fact that Defendants did not have their own capital invested in limited partnership interests and, thus,

10  were not as interested in protecting that money as the plaintiff was. Such a story, of course, would

11  never justify such blatant misconduct under the law. In these ways, among others, Tremont

12  sacrificed plaintiff's capital-preservation objectives in favor Defendants' own short-term interests in

13  personal benefits for themselves.

14                        **The Truth Is Revealed**

15        66.    On December 11, 2008, allegations emerged that Madoff had been taking in money

16  from new investors in order to represent returns and cover pay outs to old investors. According to

17  news reports, Madoff's "ponzi" scheme finally collapsed as financial markets continued to

18  deteriorate in 2008, leading investors to withdraw and hold onto their cash, including cash

19  previously invested with BMIS.

20        67.    Tremont Partners, Tremont Holdings, and the Individual Defendants' unchecked

21  reliance on Madoff were devastating to the plaintiff. Plaintiff, as a limited partner of the XL Fund

22  and the Market Fund, received monthly updates regarding its Capital Accounts. This included

23  information regarding the principle invested and the return made on that investment. Based on

24  information provided to Lakeview, plaintiff paid taxes based on a Schedule K-1 mailed to plaintiff at

25  its business address and headquarters in California.

26        68.    Now, most of the assets of the Partnerships have been wiped out, including plaintiff's

27  interests. What little is left is held by the Defendants.

28

CLASS ACTION ALLEGATIONS

69. Plaintiff brings this action: (i) for itself and on behalf of all other California residents that invested in the XL Fund (the "XL Class") which have been or will be harmed by the conduct described herein; and (ii) for itself and on behalf of all other California residents that invested in the Market Fund which have been or will be harmed by the conduct described herein (the "Market Class") (collectively, the "Classes"). Excluded from the Classes are the Defendants and any individual or entity affiliated with any Defendant.

70. This action is properly maintainable as a class action.

71. The Classes are so numerous that joinder of all members is impracticable.

72. There are questions of law and fact which are common to the XL Class and which predominate over questions affecting any individual XL Class member. The common questions include, inter alia, the following:

(a) whether the Partnerships made material misstatements and omissions in offering and selling Partnerships' interests to plaintiff and the XL Classes in violation of California Corporations Code §25401;

(b) whether Tremont Holdings, Tremont Partners, and/or the Individual Defendants made material misstatements and omissions in offering and selling partnership interests in the Partnerships of plaintiff and the XL Class in violation of California Corporations Code §25401;

(c) whether the Individual Defendants, Oppenheimer, and/or MassMutual control the Partnerships, Tremont Holdings, and/or Tremont Partners; and

(d) whether the Individual Defendants, Oppenheimer, and/or MassMutual materially assisted the Partnerships, Tremont Holdings, Tremont Partners, and the Individual Defendants in violating California Corporations Code §25401.

73. There are also questions of law and fact which are common to the Market Class and which predominate over questions affecting any individual Market Class member. The common questions include, inter alia, the following:

- 18 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

1         (a)    whether the Partnerships made material misstatements and omissions in

2 offering and selling partnership interests to plaintiff and the Market Class in violation of California

3 Corporations Code §25401;

4         (b)    whether Tremont Holdings, Tremont Partners, and/or the Individual

5 Defendants made material misstatements and omissions in offering and selling partnership interests

6 in the Partnership of plaintiff and the Market Class in violation of California Corporations Code

7 §25401;

8         (c)    whether the Individual Defendants, Oppenheimer, and/or MassMutual control

9 the Partnerships, Tremont Holdings, and/or Tremont Partners; and

10         (d)    whether the Individual Defendants, Oppenheimer, and/or MassMutual

11 materially assisted the Partnerships, Tremont Holdings, Tremont Partners, and the Individual

12 defendants in violating California Corporations Code §25401.

13     74.    Plaintiff's claims are typical of the claims of the other members of the Classes and

14 plaintiff does not have any interest adverse to the Classes.

15     75.    Plaintiff has retained competent counsel experienced in litigation of this nature and

16 will fairly and adequately represent and protect the interests of the Classes.

17     76.    The prosecution of separate actions by individual members of the Classes would

18 create a risk of inconsistent or varying adjudications with respect to individual members of the

19 Classes which would establish incompatible standards of conduct for the party opposing the Classes.

20     77.    Plaintiff anticipates that there will be no difficulty in the management of this

21 litigation. A class action is superior to other available methods for the fair and efficient adjudication

22 of this controversy.

23     78.    Defendants have acted on grounds generally applicable to the Classes with respect to

24 the matters complained of herein, thereby making appropriate the relief sought herein with respect to

25 the Classes as a whole.

26

27

28

- 19 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

## FIRST CAUSE OF ACTION

### Declaration of Rights and Duties Under C.C.P. §1060 Against Tremont Partners

79.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as if fully set forth herein.

80.   Plaintiff seeks a declaration of its respective rights and of the duties owed to it by the defendants.

81.   As the general partner of the Partnerships, Tremont Partners owed plaintiff, as limited partners, fiduciary obligations of loyalty, good faith and/or, diligence and due care, and were and was required to use their utmost ability to control and manage the Partnerships in a fair, just, honest, and equitable manner. Under California law, these duties attach before and after plaintiff made any capital contributions into either of the Partnerships.

82.   The declaration of rights and duties plaintiff seeks includes a declaration Defendants owed fiduciary duties of loyalty, care, diligence, and candor to plaintiff when soliciting investments.

## SECOND CAUSE OF ACTION

### Against the Partnerships for Violation of California Corporations Code §§25401, et seq.

83.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as if fully set forth herein.

84.   Under California Corporation Code §25501, anyone that violates §25401 shall be liable to the purchaser.

85.   The Partnerships offered and sold partnership interests to plaintiff. In offering and selling the Partnerships' interests, the Partnerships made oral and written untrue statements of material fact and omitted to state material facts to plaintiff that was necessary in order to make the statement made in light of the circumstances under which they were made, not misleading.

86.   These misstatements and omissions were "material facts" because there was a substantial likelihood that, under all the circumstances, a reasonable investor would consider it important in reaching an investment decision.

87.   Plaintiff purchased limited partnership interests in the Partnerships from the Partnerships in connection with their PPMs that contained the untrue material facts as alleged herein.

- 20 -

88.    Some or all of the Partnerships' untrue statements of material fact took place within the state of California.

89.    Plaintiff has been injured as a direct and proximate result of the aforementioned conduct.

### THIRD CAUSE OF ACTION

**Against All Defendants Except the Partnerships for Violation of California Corporations Code §§25401, et seq.**

90.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as if fully set forth herein.

91.    Under California Corporation Code §25501, anyone that violates §25401 shall be liable to the purchaser.

92.    Under California Corporations Code §25504, every person who directly or indirectly controls a person liable under §25501, every principal executive officer or director of a corporation so liable, every person occupying a similar status or performing similar functions, and every employee of a person so liable who materially aids in the act or transaction constituting the violation also are held liable to the purchaser.

93.    Tremont Holdings, Tremont Partners, and the Individual Defendants offered and sold limited partnership interests in the Partnerships to plaintiff. In offering and selling these securities, Tremont Holdings, Tremont Partners, and the Individual Defendants made oral and written untrue statements of material fact and omitted to state material facts to plaintiff that were necessary in order to make the statement made in light of the circumstances under which they were made, not misleading.

94.    Defendants Oppenheimer, MassMutual, and Individual Defendants control and materially assisted the Partnerships, Tremont Holdings, Tremont Partners, and the Individual Defendants in violating California Corporations Code Section §25401

95.    Plaintiff purchased limited partnership interests in the XL Fund from Tremont Holdings, Tremont Partners, and the Individual Defendants in connection with the XL Fund's PPM and written marketing materials that contained untrue material facts as alleged herein.

- 21 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

96. Accordingly, defendants Tremont Holdings, Tremont Partners Oppenheimer, MassMutual, and the Individual Defendants are jointly and severally liable to the plaintiff for the damages it suffered.

## FOURTH CAUSE OF ACTION

**Against All Defendants Except the Partnerships for Violation of California Corporations Code §§25401, et seq.**

97. Plaintiff incorporates by reference and realleges each and every allegation contained above, as if fully set forth herein.

98. Under California Corporation Code §25501, anyone that violates §25401 shall be liable to the purchaser.

99. Under California Corporations Code §25504, every person who directly or indirectly controls a person liable under §25501, every principal executive officer or director of a corporation so liable, every person occupying a similar status or performing similar functions, and every employee of a person so liable who materially aids in the act or transaction constituting the violation also are held liable to the purchaser.

100. Tremont Holdings, Tremont Partners, and the Individual Defendants offered and sold limited partnership interests in the Partnerships to plaintiff. In offering and selling these securities, Tremont Holdings, Tremont Partners, and the Individual Defendants made oral and written untrue statements of material fact and omitted to state material facts to plaintiff that were necessary in order to make the statement made in light of the circumstances under which they were made, not misleading.

101. Defendants Oppenheimer, MassMutual, and Individual Defendants control and materially assisted the Partnerships, Tremont Holdings, Tremont Partners, and the Individual Defendants in violating California Corporations Code Section §25401.

102. Plaintiff purchased limited partnership interests in the Market Fund from Tremont Holdings, Tremont Partners, and the Individual Defendants in connection with the Market Fund's PPM and written marketing materials that contained untrue material facts as alleged herein.

- 22 -

VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

103.   Accordingly, defendants Tremont Holdings, Tremont Partners Oppenheimer, MassMutual, and the Individual Defendants are jointly and severally liable to the plaintiff for the damages it suffered.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief and entry of judgment in its favor:

104.   Awarding to plaintiff and members of the Classes all rescissionary, compensatory, and other damages sustained by plaintiff under California Corporation Code §25401, §25501 as a result of Defendants' acts and omissions, in an amount to be proven at trial, including pre-trial and post-trial interest thereon;

(a)   Declaring that all Defendants, jointly and severally, are liable to plaintiff for the full amount of and to the full extent of the judgment from the Defendants, and each of them;

(b)   Awarding to plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

(c)   Such other and further legal and equitable relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: December 10, 2010

ROBBINS UMEDA, LLP

GREGORY E. DEL GAIZO

560559

- 23 -
VERIFIED COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW

<u>VERIFICATION</u>

I, Richard M. Glantz, on behalf of Lakeview Investment, LP, hereby declare as follows:

Lakeview Investments, LP is the limited partnership plaintiff in the within entitled action. I am the President and sole owner of Vista Management Co., the general partner of Lakeview Investments, LP. I have read the Verified Complaint for Violation of Sections 25401, 25501, and 25504 of the California Corporations Code and other Violations of California Law and know its contents. Based upon my own investigation, discussions with my counsel, and facts of which I have personal knowledge, the Complaint is true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 12/10/10

RICHARD M. GLANTZ
President of Vista Management Co.,
General Partner of Lakeview Investment, LP

Exhibit A, Pg. 38

# SUMMONS
## (CITATION JUDICIAL)



SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

DEC 1 0 2010

KIM TURNER, Court Executive Officer
**MARIN COUNTY SUPERIOR COURT**
By: D. Taylor, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROBERT SCHULMAN, JAMES V. MITCHELL, HARRY HODGES,
DARREN JOHNSTON, STUART POLOGE, PATRICK KELLY,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAKEVIEW INVESTMENT, LP, on behalf of Itself and All Other
Similarly Situated Individuals and Entities Located in California.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Marin County Superior Court | CASE NUMBER:<br>*(Número del Caso):* CIV1006488 |
|---|---|

3501 Civic Center Drive
San Rafael, CA 94903

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

S. Benjamin Rozwood, Robbins Umeda LLP, 600 B Street, Suite 1900, San Diego, CA 92101; (619) 525-3990

| DATE: DEC 1 0 2010<br>*(Fecha)* | KIM TURNER Clerk, by<br>*(Secretario)* | D. TAYLOR , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SEAL

BY FACSIMILE

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant. Robert Schulman
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)

[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A, Pg. 39

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROBERT SCHULMAN, JAMES V. MITCHELL, HARRY HODGES,
DARREN JOHNSTON, STUART POLOGE, PATRICK KELLY,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAKEVIEW INVESTMENT, LP, on behalf of Itself and All Other
Similarly Situated Individuals and Entities Located in California.



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
DEC 10 2010
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: D. Taylor Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Marin County Superior Court | CASE NUMBER: *(Número del Caso):* CIV1006488 |
|---|---|

3501 Civic Center Drive
San Rafael, CA 94903

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
S. Benjamin Rozwood, Robbins Umeda LLP, 600 B Street, Suite 1900, San Diego, CA 92101; (619) 525-3990

| DATE: *(Fecha)* DEC 10 2010 | KIM TURNER | Clerk, by *(Secretario)* D. TAYLOR | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]
SEAL

BY FACSIMILE

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant. James V. Mitchell
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A, Pg. 40

SUM-1□□

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

DEC 1 0 2010

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: D. Taylor Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROBERT SCHULMAN, JAMES V. MITCHELL, HARRY HODGES,
DARREN JOHNSTON, STUART POLOGE, PATRICK KELLY,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAKEVIEW INVESTMENT, LP, on behalf of Itself and All Other
Similarly Situated Individuals and Entities Located in California.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: (El nombre y dirección de la corte es): Marin County Superior Court<br><br>3501 Civic Center Drive<br>San Rafael, CA 94903 | CASE NUMBER: (Número del Caso): CIV1006488 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
S. Benjamin Rozwood, Robbins Umeda LLP, 600 B Street, Suite 1900, San Diego, CA 92101; (619) 525-3990

DEC 1 0 2010

| DATE:<br>(Fecha) | KIM TURNER | Clerk, by<br>(Secretario) | D. TAYLOR | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):   Harry Hodges


[SEAL]

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FACSIMILE

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROBERT SCHULMAN, JAMES V. MITCHELL, HARRY HODGES,
DARREN JOHNSTON, STUART POLOGE, PATRICK KELLY,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAKEVIEW INVESTMENT, LP, on behalf of Itself and All Other
Similarly Situated Individuals and Entities Located in California.



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**

DEC 10 2010

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: D. Taylor Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Marin County Superior Court<br><br>3501 Civic Center Drive<br>San Rafael, CA 94903 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIV1006488 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
S. Benjamin Rozwood, Robbins Umeda LLP, 600 B Street, Suite 1900, San Diego, CA 92101; (619) 525-3990

| DATE: DEC 10 2010<br>*(Fecha)* | KIM TURNER | Clerk, by<br>*(Secretario)* | D. TAYLOR | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

SEAL

BY FACSIMILE

1. ☒ as an individual defendant. Darren Johnston
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A, Pg. 42

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROBERT SCHULMAN, JAMES V. MITCHELL, HARRY HODGES,
DARREN JOHNSTON, STUART POLOGE, PATRICK KELLY,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAKEVIEW INVESTMENT, LP, on behalf of Itself and All Other
Similarly Situated Individuals and Entities Located in California.



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

DEC 1 0 2010

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: D. Taylor Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Marin County Superior Court <br><br> 3501 Civic Center Drive <br> San Rafael, CA 94903 | CASE NUMBER: <br> *(Número del Caso):* CIV1006488 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
S. Benjamin Rozwood, Robbins Umeda LLP, 600 B Street, Suite 1900, San Diego, CA 92101; (619) 525-3990

| DATE: DEC 1 0 2010 <br> *(Fecha)* | KIM TURNER | Clerk, by <br> *(Secretario)* | D. TAYLOR | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Tremont Partners, Inc.

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservate)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1



[SEAL]

BY FACSIMILE

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROBERT SCHULMAN, JAMES V. MITCHELL, HARRY HODGES,
DARREN JOHNSTON, STUART POLOGE, PATRICK KELLY,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAKEVIEW INVESTMENT, LP, on behalf of Itself and All Other
Similarly Situated Individuals and Entities Located in California.



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

DEC 1 0 2010

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: D. Taylor Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Marin County Superior Court<br><br>3501 Civic Center Drive<br>San Rafael, CA 94903 | **CASE NUMBER:**<br>*(Número del Caso):* CIV1006488 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
S. Benjamin Rozwood, Robbins Umeda LLP, 600 B Street, Suite 1900, San Diego, CA 92101; (619) 525-3990

| | | | |
|---|---|---|---|
| **DATE:**<br>*(Fecha)* DEC 1 0 2010 | **KIM TURNER** | Clerk, by<br>*(Secretario)* D. TAYLOR | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

BY FACSIMILE

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Tremont Group Holdings, Inc
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Exhibit A, Pg. 44

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lakeview Investment, LP v. Shulman, et al. | CIV 1006488 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

TREMONT PARTNERS, INC.,
TREMONT GROUP HOLDINGS INC.,
RYE SELECT BROAD MARKET XL FUND, L.P.,
RYE SELECT BROAD MARKET FUND, L.P. f/k/a AMERICAN MASTERS BROAD MARKET FUND, L.P.,
MASSACHUSETTS MUTUAL LIFE INSURANCE CO.,
OPPENHEIMER ACQUISITION CORPORATION, INC.,
MASSMUTUAL LIFE INSURANCE CO.,
and DOES 1-50,

Defendants.

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

<u>**NOTICE TO PLAINTIFFS**</u>

**CIVIL TRIAL DELAY REDUCTION PROGRAM**
**REQUIRES PROCEDURES AND TIME LINES TO BE MET**

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client.  It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings.  All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case

**You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.**

**Telephonic appearances at Case Management Conference may be available by contacting COURT CALL,  an independent vendor, not less than 5 court days prior to the hearing date.  Parties may make arrangements by calling (888) 882-6878.  This service is subject to charges by the vendor.**

CV006                              CIVIL TRIAL DELAY PACKET COVER SHEET                    Rev. 2/07



**FILED**

DEC 10 2010

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: D. Taylor, Deputy

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

| PLAINTIFF: Lakeview Investment, LP | CASE NO. CIV 1006488 |
|---|---|
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: Robert Schulman, et al. | |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge Duryee Department ___L___ . This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

    Ex Parte Appearances
    Report to Courtroom B at 9:00 AM

    a. Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

    Hearing on Failure to File Proof of Service    02/22/11    8:30 / 9:00 A.M.

    Hearing on Failure to Answer    03/23/11    8:30 / 9:00 A.M.

    b. Appear for a Case Management Conference on    05/03/11    8:30 / 9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC (CRC 3.725). **(A $49.00 sanction will be charged for late filing of a statement.)**

    **Case Management Statement must be filed by**    04/18/11

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings are available online by 2:00 p.m. on the weekday preceding the hearing date at *http://www.marincourt.org/civil_tentative.htm*. If you need to make other arrangements, please call (415) 444-7170.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and telephone #)*: | *FOR COURT USE ONLY* |
|---|---|
| STATE BAR NO:<br>ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN<br>3501 Civic Center Drive<br>P. O. Box 4988<br>San Rafael, CA  94913-4988 | |
|---|---|
| **STIPULATION TO USE OF<br>ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

Dated _____

Attorney For _____

_____

Dated _____

Attorney For _____

_____

Exhibit A, Pg. 48

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND ☐ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | CASE NUMBER: |
|---|---|

## APPLICATION

| | HEARING DATE: |
|---|---|
| | DEPT :                    TIME: |

1. Applicant *(name)*
   is
   a ☐ plaintiff
   b ☐ cross-complainant
   c ☐ petitioner
   d ☐ defendant
   e ☐ cross-defendant
   f ☐ respondent
   g ☐ other *(describe)*:

2 The complaint or other initial pleading in this action was filed on *(date)*:

3 Applicant requests that the court grant an order extending time for service of the following pleading:
   a ☐ Complaint
   b. ☐ Cross-complaint
   c ☐ Petition
   d ☐ Answer or other responsive pleading
   e. ☐ Other *(describe)*:

4 Service and filing of the pleading listed in item 3 is presently required to be completed by *(date)*:

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a ☐ None
   b ☐ The following *(describe all, including the length of any previous extensions)*:

6 Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each)*:

Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev  January 1 2007]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Cal. Rules of Court,
rules 3.110, 3.1200–3.1207
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit A, Pg. 49

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|

7   The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

☐ Continued on Attachment 7

8   An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8

9   If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:

10   Notice of this application under rules 3.1200–3 1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons)*:

☐ Continued on Attachment 10

11   Number of pages attached: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date:

▶

_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

_____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1.  The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied

2   The pleading must be served and filed no later than *(date)*:

3   ☐ The case management conference is rescheduled to:

　a  Date:

　b  Time:

　c  Place:

4   Other orders:

5   A copy of this application and order must be served on all parties or their counsel that have appeared in the case

Date:

_____
JUDICIAL OFFICER

CM-020 [Rev  January 1  2007]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Page 2 of 2

Exhibit A, Pg. 50

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO:                       FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                          Time:                     Dept :                    Div :                     Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1   **Party or parties** *(answer one).*
    a   ☐   This statement is submitted by party *(name):*
    b   ☐   This statement is submitted jointly by parties *(names).*

2   **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.   The complaint was filed on *(date)*
    b   The cross-complaint, if any, was filed on *(date):*

3   **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a   ☐   All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed
    b   ☐   The following parties named in the complaint or cross-complaint
        (1)   ☐   have not been served *(specify names and explain why not).*
        (2)   ☐   have been served but have not appeared and have not been dismissed *(specify names):*
        (3)   ☐   have had a default entered against them *(specify names):*
    c.   ☐   The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served).*

4   **Description of case**
    a.   Type of case in   ☐   complaint        ☐   cross-complaint        *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit A, Pg. 51

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4  b    Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b )*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial)*

6.   **Trial date**
a   ☐ The trial has been set for *(date).*
b   ☐ No trial date has been set  This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*

c   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)*:
a   ☐ days *(specify number)*
b   ☐ hours (short causes) *(specify)*:

8   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8

9   **Preference**
☐   This case is entitled to preference *(specify code section)*:

10   **Alternative Dispute Resolution (ADR)**
a   Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client
b   ☐ All parties have agreed to a form of ADR  ADR will be completed by *(date)*:
c.   ☐ The case has gone to an ADR process *(indicate status)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10 d    The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify)*:

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11  Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12  Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13  Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14  Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15  Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16  Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

Exhibit A, Pg. 53

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17  Discovery**

a ☐ The party or parties have completed all discovery

b ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c ☐ The following discovery issues are anticipated *(specify)*:

**18  Economic Litigation**

a ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20  Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21  Case management orders**

Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21

**22  Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]                **CASE MANAGEMENT STATEMENT**                Page 4 of 4

Exhibit A, Pg. 54

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO :          FAX NO *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.: |

**To the court and to all parties:**

1. Declarant *(name):*

   a ☐ is ☐ the party ☐ the attorney for the party  who requested or caused the stay.

   b ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner  The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court

2 This case is stayed as follows:

   a ☐ With regard to all parties

   b ☐ With regard to the following parties *(specify by name and party designation):*

3 Reason for the stay:

   a ☐ Automatic stay caused by a filing in another court  *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners )*

   b ☐ Order of a federal court or of a higher California court  *(Attach a copy of the court order.)*

   c ☐ Contractual arbitration under Code of Civil Procedure section 1281 4  *(Attach a copy of the order directing arbitration )*

   d ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201  *(Attach a copy of the client's request for arbitration showing filing and service )*

   e ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev January 1 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-18?

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | DEPT: |
| **NOTICE OF TERMINATION OR MODIFICATION OF STAY** | JUDICIAL OFFICER: |

**To the court and all parties:**

1  A *Notice of Stay of Proceedings* was filed in this matter on *(date):*.

2  Declarant named below is

   a  ☐ the party  ☐ the attorney for the party   who requested or caused the stay

   b  ☐ other *(describe):*

3  ☐ The stay described in the above referenced *Notice of Stay of Proceedings*

   a  ☐ has been vacated by an order of another court  *(Attach a copy of the court order.)*

   b  ☐ is no longer in effect

4  ☐ The stay has been modified *(describe):*

5. The stay has been vacated, is no longer in effect, or has been modified

   a.  ☐ with regard to all parties.

   b  ☐ with regard to the following parties *(specify by name and party designation):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-181 [Rev. January 1 2007] | **NOTICE OF TERMINATION OR MODIFICATION OF STAY** | Page 1 of 2<br>Cal. Rules of Court, rule 3.650<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CM-181

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the Notice of Termination or Modification of Stay if you are a party in the action. The person who served the notice must complete this proof of service.)*

1   I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

2   I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one)*:
   a. ☐   deposited the sealed envelope with the United States Postal Service
   b. ☐   placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service

3   The *Notice of Termination or Modification of Stay* was mailed:
   a   on *(date)*:
   b   from *(city and state)*:

4   The envelope was addressed and mailed as follows:
   a   Name of person served:                                   c   Name of person served:

      Street address:                                            Street address:
      City:                                                       City:
      State and zip code:                                        State and zip code:

   b   Name of person served:                                   d   Name of person served:

      Street address:                                            Street address:
      City:                                                       City:
      State and zip code:                                        State and zip code:

☐   Names and addresses of additional persons served are attached  *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF DECLARANT)                (SIGNATURE OF DECLARANT)

CM-181 [Rev. January 1 2007]          **NOTICE OF TERMINATION OR MODIFICATION OF STAY**          Page 2 of 2

Exhibit A, Pg. 57

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO :                FAX NO *(Optional):*<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| NOTICE OF SETTLEMENT OF ENTIRE CASE | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.: |

---

### NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is **unconditional.** You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is **conditional.** Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

---

**To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:**

1   This entire case has been settled  · The settlement is:

    a   ☐   **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
           Date of settlement:

    b   ☐   **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of
           specified terms that are not to be performed within 45 days of the date of the settlement  A request for dismissal will
           be filed no later than *(date):*

2   Date initial pleading filed:

3   Next scheduled hearing or conference:

    a. · Purpose:

    b.   ☐   (1) Date:

           (2) Time:

           (3) Department:

4   Trial date:

    a   ☐   No trial date set.

    b   ☐   (1) Date:

           (2) Time:

           (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date:

▶

_____     _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)           (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [Rev ·January 1 2007]

**NOTICE OF SETTLEMENT OF ENTIRE CASE**

Page 1 of 2
Cal. Rules of Court, rule 3.1385
www.courtinfo ca gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-200

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1  I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2  I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one)*
    a ☐ deposited the sealed envelope with the United States Postal Service.
    b ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service

3  The *Notice of Settlement of Entire Case* was mailed:
    a  on *(date):*
    b  from *(city and state):*

4.  The envelope was addressed and mailed as follows:
    a  Name of person served:          c  Name of person served:

      Street address:                    Street address:
      City:                                City:
      State and zip code:              State and zip code:

    b  Name of person served:          d  Name of person served:

      Street address:                    Street address:
      City:                                City:
      State and zip code:              State and zip code:

    ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P) )*

5  Number of pages attached _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date:

_____ ▶ _____
     (TYPE OR PRINT NAME OF DECLARANT)                     (SIGNATURE OF DECLARANT)

CM-200 [Rev January 1 2007]         **NOTICE OF SETTLEMENT OF ENTIRE CASE**         Page 2 of 2

ADR-100

| MEDIATOR (Name and Address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO:
E-MAIL ADDRESS (Optional):                    FAX NO (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

CASE NAME:

| STATEMENT OF AGREEMENT OR NONAGREEMENT<br>☐ First  ☐ Supplemental | CASE NUMBER: |
|---|---|

**NOTE: This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).**

1. This case was filed on *(date if known)*:

2. I was selected as the mediator in this matter on *(date)*:

3. Mediation *(check one)*:
  a. ☐ did not take place.
    (1) ☐ A party who was ordered to appear at the mediation did not appear.
    (2) ☐ Other reason *(please specify without disclosing any confidential information)*:

  b. ☐ took place on *(date or dates)*:
    and lasted a total of _____ hours.

4. ☐ The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5. The mediation ended *(check one)*:
  a. ☐ in full agreement by all parties on *(date)*:
  b. ☐ in partial agreement
    (1) ☐ in full agreement as to the following parties:
      on *(date)*:
    (2) ☐ in full agreement as to limited issues on *(date)*:
  c. ☐ in nonagreement.

Date:

▶

_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF MEDIATOR)

**NOTE: Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.**

Form Adopted for Mandatory Use
Judicial Council of California
ADR-100 [Rev. January 1, 2003]

**STATEMENT OF AGREEMENT OR NONAGREEMENT**

Code of Civil Procedure §§ 1739  1775 9

Page 1 of 2

American LegalNet, Inc.
www.USCourtForms.com

| CASE NAME: | CASE NUMBER: |
|---|---|

## PROOF OF SERVICE
☐ Mail   ☐ Personal Service

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My residence or business address is *(specify):*

3. I mailed or personally delivered a copy of the *Statement of Agreement or Nonagreement* as follows *(complete either a or b):*
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope **and**
         (a) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ placed the envelope for collection and mailing on the date and at the place shown in Items below, following
             our ordinary business practices. I am readily familiar with this business's practice for collecting and processing
             correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is
             deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with
             postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:


         (c) Date of mailing:
         (d) Place of mailing *(city and state):*

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:


      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF DECLARANT)

**PROOF OF SERVICE FOR**
                          **STATEMENT OF AGREEMENT OR NONAGREEMENT**

NAME OF COURT:

## *ADR Information Form*

*This form should be filled out and returned,*
*within 10 days of the resolution of the dispute, to:*

1. Case name: _____ No. _____

2. Type of civil case: ☐ PI/PD-Auto   ☐ PI/PD-Other   ☐ Contract   ☐ Other *(specify):* _____

3. Date complaint filed _____ Date case resolved _____

4. Date of ADR conference _____   5. Number of parties _____

6. Amount in controversy: ☐ $0–$25,000   ☐ $25,000–$50,000   ☐ $50,000–$100,000   ☐ over $100,000 *(specify):* _____

7. ☐ Plaintiff's Attorney   ☐ Cross Complainant's Attorney   8. ☐ Defendant's Attorney   ☐ Cross Defendant's Attorney

| | |
|---|---|
| NAME | NAME |
| ADDRESS | ADDRESS |
| ( ) | ( ) |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

☐ Plaintiff   ☐ Plaintiff's attorney            ☐ Defendant   ☐ Defendant's attorney
☐ 3rd party defendant   ☐ 3rd party defendant's attorney   ☐ Other *(specify):* _____

10. Dispute resolution process:

☐ Mediation   ☐ Arbitration   ☐ Neutral case evaluation   ☐ Other *(specify):* _____

11. How was case resolved?

a. ☐ As a direct result of the ADR process
b ☐ As an indirect result of the ADR process   c ☐ Resolution was unrelated to ADR process

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:

☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:

☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

16. Would you be willing to consider using this dispute resolution process again?   ☐ Yes   ☐ No

Form Adopted by the
Judicial Council of California
ADR-101 [New March 1 1994]
**ADR INFORMATION FORM**

American LegalNet, Inc.
www.USCourtForms.com

Exhibit A, Pg. 62

# ROBBINS UMEDA LLP

BRIAN J. ROBBINS*
MARC M. UMEDA
FELIPE J. ARROYO
GEORGE C. AGUILAR
KEVIN A. SEELY†
CRAIG W. SMITH
STEPHEN J. ODDO

600 B STREET, SUITE 1900
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 525-3990
FACSIMILE (619) 525-3991
WWW.ROBBINSUMEDA.COM

KELLY M. MCINTYRE
SHANE P. SANDERS
REBECCA A. PETERSON
ASHLEY R. PALMER
ARSHAN AMIRI
JULIA M. WILLIAMS
GREGORY E. DEL GAIZO
ALEJANDRO E. MORENO
JAY N. RAZZOUK
GINA STASSI
CONRAD B. STEPHENS
LAUREN E. ROSNER
LAUREN N. OCHENDUSZKO

*Admitted in CA & CT
†Admitted in CA, CNMI & Guam

January 31, 2011

**VIA OVERNIGHT DELIVERY**

Eric S. Waxman, Esq.
SKADDEN, ARPS, SLATE, MEACHER &
   FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

     Re:   *Lakeview Investments, LP v. Schulman, et al.*, No. CIV1006488

Dear Mr. Waxman:

     Pursuant to your correspondence with Brian J. Robbins, you have agreed to accept service on behalf of defendants Robert Schulman, James V. Mitchell, Harry Hodges, Darren Johnston, Tremont Partners, Inc., and Tremont Group Holdings Inc., in the above-referenced action. I enclose Notices and Acknowledgments of Receipt in the above-referenced case for these defendants.

     Please execute these forms and return the originals to me in the enclosed, self-addressed, prepaid, UPS envelope to arrive to me by February 7, 2011, and keep a copy for your records. Please also e-mail to me at ldozier@robbinsumeda.com by February 7, 2011. Thank you. I also include one copy of the complaint and supporting documentation. If you need additional copies of the complaint, please let me know.

     Thank you for your attention to this matter. If you have any questions or need any assistance, please contact me.

                     Very truly yours,

                     LISA DOZIER
                     Paralegal

Enclosures

575497

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Brian J. Robbins (190264) | |

Brian J. Robbins (190264)
Robbins Umeda LLP
600 B Street, Suite 1900
San Diego, CA 92101

TELEPHONE NO.: (619) 525-3990      FAX NO. *(Optional)*: (619) 525-3991
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff Lakeview Investment, LP

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Marin County Superior Court

PLAINTIFF/PETITIONER: Lakeview Investment, LP

DEFENDANT/RESPONDENT: Robert Schulman, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CIV 1006488 |
|---|---|

TO *(insert name of party being served)*: Robert Schulman in care of Eric S. Waxman

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 31, 2011

Lisa Dozier
_____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify)*:

   Civil Case Coversheet, Civil Trial Delay Coversheet, Ntc. of Case Mgmt. Conf., Stip. to Use of Alt. Dispute Resolution Process, Ex-Parte App. for Ext. of Time to Serve Pleading and Orders, Case Mgmt. Statement, Ntc. of Stay of Proceedings, Ntc. of Termination or Modification of Stay, Ntc. of Settlement of Entire Case, Statement of Agreement or Non-Agreement, & ADR Info Sheet.

*(To be completed by recipient)*:

Date this form is signed: February    , 2011

Eric S. Waxman for Robert Schulman
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brian J. Robbins (190264)<br>Robbins Umeda LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br><br>TELEPHONE NO.: (619) 525-3990      FAX NO. *(Optional):* (619) 525-3991<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Lakeview Investment, LP | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Marin County Superior Court

PLAINTIFF/PETITIONER: Lakeview Investment, LP

DEFENDANT/RESPONDENT: Robert Schulman, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV 1006488 |
|---|---|

TO *(insert name of party being served):* James V. Mitchell in care of Eric S. Waxman

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 31, 2011

Lisa Dozier
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

   Civil Case Coversheet, Civil Trial Delay Coversheet, Ntc. of Case Mgmt. Conf., Stip. to Use of Alt. Dispute Resolution Process, Ex-Parte App. for Ext. of Time to Serve Pleading and Orders, Case Mgmt. Statement, Ntc. of Stay of Proceedings, Ntc. of Termination or Modification of Stay, Ntc. of Settlement of Entire Case, Statement of Agreement or Non-Agreement, & ADR Info Sheet.

*(To be completed by recipient):*

Date this form is signed: February    , 2011

Eric S. Waxman for James V. Mitchell
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *Eric S. Waxman /KL*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Exhibit A, Pg. 65

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Brian J. Robbins (190264)
Robbins Umeda LLP
600 B Street, Suite 1900
San Diego, CA 92101

TELEPHONE NO.: (619) 525-3990          FAX NO. *(Optional)*: (619) 525-3991

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Plaintiff Lakeview Investment, LP

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Marin County Superior Court

PLAINTIFF/PETITIONER: Lakeview Investment, LP

DEFENDANT/RESPONDENT: Robert Schulman, et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CIV 1006488 |
|---|---|

TO *(insert name of party being served)*: Harry Hodges in care of Eric S. Waxman

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 31, 2011

Lisa Dozier
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:
    Civil Case Coversheet, Civil Trial Delay Coversheet, Ntc. of Case Mgmt. Conf., Stip. to Use of Alt. Dispute Resolution Process, Ex-Parte App. for Ext. of Time to Serve Pleading and Orders, Case Mgmt. Statement, Ntc. of Stay of Proceedings, Ntc. of Termination or Modification of Stay, Ntc. of Settlement of Entire Case, Statement of Agreement or Non-Agreement, & ADR Info Sheet.

*(To be completed by recipient)*:

Date this form is signed: February    , 2011

Eric S. Waxman for Harry Hodges
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Eric S. Waxman /KL
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Brian J. Robbins (190264)
Robbins Umeda LLP
600 B Street, Suite 1900
San Diego, CA 92101

TELEPHONE NO.: (619) 525-3990          FAX NO. *(Optional):* (619) 525-3991
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Lakeview Investment, LP

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Marin County Superior Court

PLAINTIFF/PETITIONER: Lakeview Investment, LP

DEFENDANT/RESPONDENT: Robert Schulman, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CIV 1006488 |
|---|---|

TO *(insert name of party being served):* Darren Johnston in care of Eric S. Waxman

| NOTICE |
|---|
| The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law. |
| If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below. |

Date of mailing: January 31, 2011

Lisa Dozier
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*

   Civil Case Coversheet, Civil Trial Delay Coversheet, Ntc. of Case Mgmt. Conf., Stip. to Use of
   Alt. Dispute Resolution Process, Ex-Parte App. for Ext. of Time to Serve Pleading and Orders,
   Case Mgmt. Statement, Ntc. of Stay of Proceedings, Ntc. of Termination or Modification of Stay,
   Ntc. of Settlement of Entire Case, Statement of Agreement or Non-Agreement, & ADR Info Sheet.

*(To be completed by recipient):*

Date this form is signed: February      , 2011

Eric S. Waxman for Darren Johnston
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *Eric S. Waxman /KL*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brian J. Robbins (190264)<br>Robbins Umeda LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br><br>TELEPHONE NO.: (619) 525-3990        FAX NO. *(Optional):* (619) 525-3991<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Lakeview Investment, LP | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Marin County Superior Court

PLAINTIFF/PETITIONER: Lakeview Investment, LP

DEFENDANT/RESPONDENT: Robert Schulman, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV 1006488 |
|---|---|

TO *(insert name of party being served):* Tremont Partners, Inc. in care of Eric S. Waxman

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:   January 31, 2011

Lisa Dozier
_____
(TYPE OR PRINT NAME)          ▶          _____
                                                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]   A copy of the summons and of the complaint.
2. [✓]   Other *(specify):*
   Civil Case Coversheet, Civil Trial Delay Coversheet, Ntc. of Case Mgmt. Conf., Stip. to Use of Alt. Dispute Resolution Process, Ex-Parte App. for Ext. of Time to Serve Pleading and Orders, Case Mgmt. Statement, Ntc. of Stay of Proceedings, Ntc. of Termination or Modification of Stay, Ntc. of Settlement of Entire Case, Statement of Agreement or Non-Agreement, & ADR Info Sheet.

*(To be completed by recipient):*

Date this form is signed: February       , 2011

Eric S. Waxman for Tremont Partners, Inc.
_____          ▶          _Eric S. Waxman /kc_
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Exhibit A, Pg. 68

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Brian J. Robbins (190264)<br>Robbins Umeda LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101 | |

TELEPHONE NO.: (619) 525-3990          FAX NO. *(Optional)*: (619) 525-3991

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Plaintiff Lakeview Investment, LP

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Marin County Superior Court

PLAINTIFF/PETITIONER: Lakeview Investment, LP

DEFENDANT/RESPONDENT: Robert Schulman, et al.

| | CASE NUMBER: |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CIV 1006488 |

TO *(insert name of party being served)*: Tremont Group Holdings, Inc. in care of Eric S. Waxman

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 31, 2011

Lisa Dozier
_____
(TYPE OR PRINT NAME)                    ▶          _____
                                                   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify)*:
     Civil Case Coversheet, Civil Trial Delay Coversheet, Ntc. of Case Mgmt. Conf., Stip. to Use of
     Alt. Dispute Resolution Process, Ex-Parte App. for Ext. of Time to Serve Pleading and Orders,
     Case Mgmt. Statement, Ntc. of Stay of Proceedings, Ntc. of Termination or Modification of Stay,
     Ntc. of Settlement of Entire Case, Statement of Agreement or Non-Agreement, & ADR Info Sheet.

*(To be completed by recipient)*:

Date this form is signed: February    , 2011

Eric S. Waxman for Tremont Group Holdings, Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)          ▶          Eric S. Waxman
                                                         _____
                                                         (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                                         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]          **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**          Page 1 of 1
                                                                                  Code of Civil Procedure,
                                                                                  §§ 415.30, 417.10
                                                                                  www.courtinfo.ca.gov

Exhibit A, Pg. 69

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brian J. Robbins (190264)<br>Robbins Umeda LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101 | |

TELEPHONE NO.: (619) 525-3990      FAX NO. *(Optional):* (619) 525-3991

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Plaintiff Lakeview Investment, LP

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Marin County Superior Court

PLAINTIFF/PETITIONER: Lakeview Investment, LP

DEFENDANT/RESPONDENT: Robert Schulman, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV 1006488 |
|---|---|

TO *(insert name of party being served):* Robert Schulman in care of Eric S. Waxman

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 31, 2011

Lisa Dozier
_____
(TYPE OR PRINT NAME)

► *(signature)*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   Civil Case Coversheet, Civil Trial Delay Coversheet, Ntc. of Case Mgmt. Conf., Stip. to Use of Alt. Dispute Resolution Process, Ex-Parte App. for Ext. of Time to Serve Pleading and Orders, Case Mgmt. Statement, Ntc. of Stay of Proceedings, Ntc. of Termination or Modification of Stay, Ntc. of Settlement of Entire Case, Statement of Agreement or Non-Agreement, & ADR Info Sheet.

*(To be completed by recipient):*

Date this form is signed: February   , 2011

Eric S. Waxman for Robert Schulman
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► *Eric S. Waxman /KL*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brian J. Robbins (190264)<br>Robbins Umeda LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br><br>TELEPHONE NO.: (619) 525-3990          FAX NO. *(Optional):* (619) 525-3991<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Lakeview Investment, LP | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Marin County Superior Court

PLAINTIFF/PETITIONER: Lakeview Investment, LP

DEFENDANT/RESPONDENT: Robert Schulman, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV 1006488 |
|---|---|

TO *(insert name of party being served):* James V. Mitchell in care of Eric S. Waxman

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 31, 2011

Lisa Dozier
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
   Civil Case Coversheet, Civil Trial Delay Coversheet, Ntc. of Case Mgmt. Conf., Stip. to Use of Alt. Dispute Resolution Process, Ex-Parte App. for Ext. of Time to Serve Pleading and Orders, Case Mgmt. Statement, Ntc. of Stay of Proceedings, Ntc. of Termination or Modification of Stay, Ntc. of Settlement of Entire Case, Statement of Agreement or Non-Agreement, & ADR Info Sheet.

*(To be completed by recipient):*

Date this form is signed: February    , 2011

Eric S. Waxman for James V. Mitchell
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *Eric S. Waxman /KL*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Brian J. Robbins (190264)<br>Robbins Umeda LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 525-3990     FAX NO. (Optional): (619) 525-3991<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff Lakeview Investment, LP | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Marin County Superior Court

PLAINTIFF/PETITIONER: Lakeview Investment, LP

DEFENDANT/RESPONDENT: Robert Schulman, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV 1006488 |
|---|---|

TO (insert name of party being served): Harry Hodges in care of Eric S. Waxman

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 31, 2011

Lisa Dozier
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify):

Civil Case Coversheet, Civil Trial Delay Coversheet, Ntc. of Case Mgmt. Conf., Stip. to Use of Alt. Dispute Resolution Process, Ex-Parte App. for Ext. of Time to Serve Pleading and Orders, Case Mgmt. Statement, Ntc. of Stay of Proceedings, Ntc. of Termination or Modification of Stay, Ntc. of Settlement of Entire Case, Statement of Agreement or Non-Agreement, & ADR Info Sheet.

(To be completed by recipient):

Date this form is signed: February    , 2011

Eric S. Waxman for Harry Hodges
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Eric S. Waxman /kc
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

Exhibit A, Pg. 72

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Brian J. Robbins (190264)<br>Robbins Umeda LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 525-3990    FAX NO. *(Optional):* (619) 525-3991<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Lakeview Investment, LP | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin<br>STREET ADDRESS: 3501 Civic Center Drive<br>MAILING ADDRESS: 3501 Civic Center Drive<br>CITY AND ZIP CODE: San Rafael, CA 94903<br>BRANCH NAME: Marin County Superior Court |

| |
|---|
| PLAINTIFF/PETITIONER: Lakeview Investment, LP<br><br>DEFENDANT/RESPONDENT: Robert Schulman, et al. |

| | |
|---|---|
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV 1006488 |

TO *(insert name of party being served):* Darren Johnston in care of Eric S. Waxman

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 31, 2011

Lisa Dozier
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*

    Civil Case Coversheet, Civil Trial Delay Coversheet, Ntc. of Case Mgmt. Conf., Stip. to Use of
    Alt. Dispute Resolution Process, Ex-Parte App. for Ext. of Time to Serve Pleading and Orders,
    Case Mgmt. Statement, Ntc. of Stay of Proceedings, Ntc. of Termination or Modification of Stay,
    Ntc. of Settlement of Entire Case, Statement of Agreement or Non-Agreement, & ADR Info Sheet.

*(To be completed by recipient):*

Date this form is signed: February    , 2011

Eric S. Waxman for Darren Johnston
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *Eric S. Waxman* /kl
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

Exhibit A, Pg. 73

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Brian J. Robbins (190264)
Robbins Umeda LLP
600 B Street, Suite 1900
San Diego, CA 92101

TELEPHONE NO.: (619) 525-3990     FAX NO. (Optional): (619) 525-3991
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff Lakeview Investment, LP

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Marin County Superior Court

PLAINTIFF/PETITIONER: Lakeview Investment, LP

DEFENDANT/RESPONDENT: Robert Schulman, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CIV 1006488 |
|---|---|

TO (insert name of party being served): Tremont Partners, Inc. in care of Eric S. Waxman

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 31, 2011

Lisa Dozier
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify):
   Civil Case Coversheet, Civil Trial Delay Coversheet, Ntc. of Case Mgmt. Conf., Stip. to Use of
   Alt. Dispute Resolution Process, Ex-Parte App. for Ext. of Time to Serve Pleading and Orders,
   Case Mgmt. Statement, Ntc. of Stay of Proceedings, Ntc. of Termination or Modification of Stay,
   Ntc. of Settlement of Entire Case, Statement of Agreement or Non-Agreement, & ADR Info Sheet.

(To be completed by recipient):

Date this form is signed: February     , 2011

Eric S. Waxman for Tremont Partners, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Eric S. Waxman /KL
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Exhibit A, Pg. 74

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brian J. Robbins (190264)<br>Robbins Umeda LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br><br>TELEPHONE NO.: (619) 525-3990     FAX NO. *(Optional):* (619) 525-3991<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Lakeview Investment, LP | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin |
|---|
| STREET ADDRESS: 3501 Civic Center Drive |
| MAILING ADDRESS: 3501 Civic Center Drive |
| CITY AND ZIP CODE: San Rafael, CA 94903 |
| BRANCH NAME: Marin County Superior Court |

| PLAINTIFF/PETITIONER: Lakeview Investment, LP |
|---|
| DEFENDANT/RESPONDENT: Robert Schulman, et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV 1006488 |
|---|---|

TO *(insert name of party being served):* Tremont Group Holdings, Inc. in care of Eric S. Waxman

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 31, 2011

Lisa Dozier
_____
(TYPE OR PRINT NAME)                                 ▶ _____
                                                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]   A copy of the summons and of the complaint.
2. [✓]   Other *(specify):*
          Civil Case Coversheet, Civil Trial Delay Coversheet, Ntc. of Case Mgmt. Conf., Stip. to Use of
          Alt. Dispute Resolution Process, Ex-Parte App. for Ext. of Time to Serve Pleading and Orders,
          Case Mgmt. Statement, Ntc. of Stay of Proceedings, Ntc. of Termination or Modification of Stay,
          Ntc. of Settlement of Entire Case, Statement of Agreement or Non-Agreement, & ADR Info Sheet.

*(To be completed by recipient):*

Date this form is signed: February     , 2011

Eric S. Waxman for Tremont Group Holdings, Inc.
_____          ▶ *Eric S. Waxman / KL*
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,           _____
ON WHOSE BEHALF THIS FORM IS SIGNED)                          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                                              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brian J. Robbins (190264)<br>Robbins Umeda LLP<br>600 B Street, Suite<br>San Diego, CA 92101<br>  TELEPHONE NO.: (619) 525-3990   FAX NO. *(Optional):* (619) 525-3991<br>  E-MAIL ADDRESS *(Optional):* notice@robbinsumeda.com<br>  ATTORNEY FOR *(Name):* Plaintiff Lakeview Investment, LP | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Marin
  STREET ADDRESS: 3501 Civic Center Drive
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Rafael, CA 94903
  BRANCH NAME:

CASE NAME:
Lakeview Investment, LP v. Schulman, et al.

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>CIV1006488 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* plaintiff Richard Carrigan   makes the following substitution:
1. Former legal representative  ☐ Party represented self  ☑ Attorney *(name):* Robbins Umeda LLP
2. New legal representative  ☐ Party is representing self  ☑ Attorney
  a. Name: S. Benjamin Rozwood   b. State Bar No. *(if applicable):* 181474
  c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
    503 North Linden Drive
    Beverly Hills, CA  90210
  d. Telephone No. *(include area code):* (310) 246-1451
3. The party making this substitution is a   ☑ plaintiff  ☐ defendant  ☐ petitioner  ☐ respondent  ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

| • Guardian | • Personal Representative | • Guardian ad litem |
|---|---|---|
| • Conservator | • Probate fiduciary | • Unincorporated |
| • Trustee | • Corporation | association |

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

NOTICE TO PARTIES WITHOUT ATTORNEYS
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
  Date: 2/3/11
  Richard M. Glantz for Lakeview Investment, LP
  _____
  (TYPE OR PRINT NAME)                    ► _____ (SIGNATURE OF PARTY)

5. ☑  I consent to this substitution.
  Date: December 28, 2010
  Brian J. Robbins
  _____
  (TYPE OR PRINT NAME)                    ► _____ (SIGNATURE OF FORMER ATTORNEY)

6. ☑  I consent to this substitution.
  Date: February 8, 2011
  Benjamin Rozwood
  _____
  (TYPE OR PRINT NAME)                    ► _____ (SIGNATURE OF NEW ATTORNEY)

*(See reverse for proof of service by mail)*

Page 1 of 2

Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009]

SUBSTITUTION OF ATTORNEY—CIVIL
(Without Court Order)

Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 600 B Street, Suite 1900, San Diego, California 92101.

2.      That on February 9, 2011, declarant served by depositing a true and correct copy thereof of the following document:

SUBSTITUTION OF ATTORNEY - CIVIL

in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this February 9, 2011, at San Diego, California.


_____
                                                LISA DOZIER


259103

*Lakeview Investments, LP v. Schulman, et al.*, No. CIV1006488

COUNSEL FOR PLAINTIFFS

Brian J. Robbins
ROBBINS UMEDA LLP
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

Counsel for plaintiff Lakeview Investments, LP

COUNSEL FOR DEFENDANTS

Eric S. Waxman
Kevin D. Lloyd
SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: eric.waxman@skadden.com
E-mail: kevin.lloyd@skadden.com

Counsel for defendants Tremont Group
Holdings, Inc., Tremont Partners, Inc., Robert
Schulman, James V. Mitchell, Harry Hodges,
and Darren Johnston

Jamie B.W. Stecher
David J. Kanfer
TANNENBAUM HELPERN SYRACUSE &
   HIRSCHTRITT LLP
900 Third Avenue
New York, NY 10022
Telephone: (212) 508-6738
Facsimile: (212) 937-3621
E-mail: stecher@thshlaw.com
E-mail: kanfer@thshlaw.com

Counsel for defendants Rye Select Broad Market
XL Fund, L.P. and Rye Select Broad Market
Fund, L.P. f/k/a American Masters Broad Market
Fund, L.P.

Susan L. Hoffman
BINGHAM McCUTCHEN LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499
E-mail: susan.hoffman@bingham.com

Counsel for defendants Massachusetts
Mutual Life Insurance Co. and
MassMutual Life Insurance Co.

Matthew L. Larrabee
DECHERT LLP
One Maritime Plaza, Suite 2300
San Francisco, CA 94111-3513
Telephone: (415) 262-4500
Facsimile: (415) 262-4555
E-mail: matthew.larrabee@dechert.com

Counsel for defendants Oppenheimer
Acquisition Corp.

*Lakeview Investments, LP v. Schulman, et al.*, No. CIV1006488

DEFENDANTS

Stuart Pologe
19 Oak Knoll Road
Glen Rock, NJ 07452

Patrick Kelly
7 Conant Road
Ridgefield, CT 06877